UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 13 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Russell Dan Smith,

   Petitioner,

v.           Civil Action No.

United States Department of Homeland
Security,

   Respondent.

10 0775

## MEMORANDUM OPINION

The plaintiff has filed a pro se petition for a writ of mandamus and an application to proceed without prepayment of fees. The application will be granted and the petition will be dismissed for failure to state a claim upon which relief may be granted.

The petition for a writ of mandamus seeks relief against the Wikimedia Foundation ("Foundation"), which, according to the petitioner, produces Wikipedia and Wiktionary. Petitioner asserts that the Foundation is a clandestine organization that defies investigation, and that its policies "invite[] its use by terrorists to plot attacks against the United States of America and its citizens, including but not limited to the petitioner." Petition, ¶ V(A), (C). Petitioner requests that this court find that the Foundation is "too open to . . . use by terrorists," and issue an order directing the Department of Homeland Security to fully investigate and shut down all activities of the Foundation. *Id.* ¶ VI.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of

3

the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

The petition does not, and on these facts cannot, establish either that the petitioner has a clear right to the relief requested or that the respondent has a clear duty to perform a ministerial, clearly defined, and peremptory act. Accordingly, the petition will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

Date: April 23, 2010

/s/ _____
United States District Judge